McFarland, J.,
delivered the opinion of the Court
—Justices Sneed and Turney dissenting.
The question arises upon the plea of the Statute of Limitations. The action is by a personal representative, under Section 2291 of the Code, as follows: “The right of action, which a person, who dies from injuries received from another, or whose death is caused by the wrongful act or omission of another, would have had against the wrong-doer in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his personal representative for the benefit of his widow and next of kin, free from the claims of creditors.” There is no Statute of Limitation made expressly applicable to this class of cases.. But Section 2772, in the Article prescribing the limitation of personal actions, provides that actions for personal injuries shall be commenced within one year after the cause of action accrued. It is manifest that if the injured party commence the action in his lifetime, this Statute would be applicable. And it is equally manifest, that the action is for the same cause, whether brought by the injured party himself in his lifetime or by his representative after death — ■ so that one year after the cause of action accrued is the limitation. But the question is, When does the *831 cause of action accrue ? And when does the Statute begin to run?
It is apparent, that, under this Statute, cases often arise, where the injured party lives a time after the injury, and then dies of the injury. And many other cases occur, where death is, in the common acceptation of the term, instantaneous.
In the first class of cases, where the injured party lives a time, it would seem clear that the cause of action accrued when the injury was received, or at the time of the wrongful act or omission. If in such cases an action be brought in the lifetime of the party, and a recovery be had, or a settlement and a release of the claim, or accord and satisfaction, and the party afterwards die of the injury, his representative certainly could not then sue and recover. Shear. Red. Neg., Sec. 301.
This being so, the only ' question remaining is, Whether there is any distinction between cases where the injured party lives a time, and cases where the death is instantaneous? There is certainly no such distinction indicated in the Statute, — both classes of cases are put upon the same footing.
- The purpose seems simply to have been to repeal that rule of the Common Law, that actions for personal injuries die with the person, in those cases where the injured party dies of the injury: — but, whether the action be brought by the party himself or. his representative after his death, the cause of action is the same and is governed by the same laws. To show this conclusively, it is only necessary to refer to Sec. *832 2293, which in terms provides that if the action be brought by the party in his lifetime, it shall continue after his death, without revivor, — showing that in either case the action is essentially the same.
The argument against this view is, that the action allowed by this Statute is a new action given to the ¡personal representative; an action which the injured party could not have maintained. That the action is given to the personal representative, on account of the death of the injured party. That his death is the cause of action, and this of course could not accrue to the injured party himself, but only accrues to his representative, and could not accrue to him until his appointment. This argument, though plausible, is not sound. As we have seen, the Statute is equally applicable to cases where the injured party lives a time, and to cases where death is instataneous. Where the injured party lives a time after the injury, he has a right of action without the Statute. If an action be brought by the . party himself, and he then dies of the injury, before judgment, the effect of the Statute is to prevent an abatement, and to .allow the cause to proceed notwithstanding the death; but not on account of the death. The cause of action was the injury. And in such cases, the action, after the death, is prosecuted for the same cause for which it was brought, and is the same action. In cases where no action is brought by the injured party himself, the Statute allows the action to be brought by the representative. This could not have been done at the Common Law, and it is therefore, in this sense, a new *833 and Statutory action. But it is brought for the same cause as if the injured party had himself brought the action.
The general rule is, that if a cause of action accrue in the lifetime of a party, the Statute of Limi--tation begins to run and is not suspended during the time that elapses between his death and the appointment of his representative. Angelí on Limitations, Sec. 56.
It is different if the cause of action does not accrue until after the death; then, in general, the Statute does not begin to run until the appointment of a representative. Angell on Limitations, Chap. VII; Thurman v. Shelton, 10 Yerg.
The argument is, that the cause of action in cases of instantaneous death, could not accrue to the party in his lifetime, and it is true that for practical purposes it could not; but, upon the theory that there is no such thing literally as instataneous death, the cause of action might be held to accrue to the party in his lifetime, though he should die before he could possibly bring an action. But at any rate, no distinction is made in the Statute between the two classes of cases. When the injured party lives long enough, it is clear the action accrues to him, and the Statute begins to run. We are not authorized to establish a different rule where the death is, in the common acceptation of the term, instantaneous. We could not determine how soon after the injury death should occur, in order to take the case out of the other rule.
It is true that some of the cases seem to have *834 introduced a new element of - damages in eases where the action is brought by the representative; that is, damages for the loss of the society, etc., etc., of the husband, father, or relative, to the widow or next of kin. That in such cases damages might be allowed, beyond what would be proper where the action is brought by the party himself. Some of these cases stand upon doubtful grounds; but even where the action is brought by the party himself, damages might, in a proper case, be given, to the same extent as if death had ensued: i. e., where the injury disables the party for life; in such a case, the injury, in a pecuniary sense, would be the same as if death had ensued.
We have found no authority that we regard as controlling; the decisions of other States being founded upon their own Statutes, which are not identical with curs. The case of Whitford v. The Panama R. R. Co., 23 New York, is founded upon the New York Statute, and conceding that the Statute of that State is substantially the same as oürs, it seems to us that the reasoning of Chief Justice Comstock, in the dissenting opinion, is far more convincing and satisfactory. Upon a contrary holding, an action might be brought twenty years after the injury or death of the party.
Judgment should be affirmed.